UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:23-cv-3519 |
| Petitioner, | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Christopher Foster, a prisoner at Toledo Correctional Institution who is proceeding without the assistance of counsel, recently submitted a three-page Motion to this Court. (Doc. 1). In the Motion, Petitioner seeks authorization to file a successive habeas corpus petition under 28 U.S.C. § 2244(b)(3)(A). (*Id.*). He did not submit a habeas corpus petition with the Motion. The Motion instituted this new habeas corpus case, which has been referred to the undersigned United States Magistrate Judge. (Doc. 3).

Petitioner was convicted in an Ohio court in 2012. *See State of Ohio v. Christopher Foster,* Hamilton C.P. No. B 1105686, available by name or case number search at https://www.courtclerk.org/records-search/case-number-search (accessed October 27, 2023). He has since had (at least) one full round of habeas corpus review. *See, e.g., Foster v. Warden, Toledo Corr. Inst.*, No. 1:15-cv-713, 2017 WL 3124154, (S.D. Ohio July 24, 2017); *see also In re: Christopher Foster*, Case No. 21-3674 (6th Cir. Jan 4, 2022) (denying authorization to file a second or successive habeas corpus petition).

In this Court, this is the third habeas corpus case Petitioner has filed this year.  His first case was dismissed because he twice failed or refused to comply with the Court's orders.  *See Foster v. Ohio*, No. 2:23-cv-433, 2023 WL 4757602 (S.D. Ohio July 26, 2023) (Sargus, J.; Litkovitz, J.) (dismissing because Petitioner did not pay the fee or move to proceed *in forma pauperis*, or submit a petition on the standard form).  He filed the second case "to have a fresh start" after the first case, but again failed to timely comply with the Court's order.  *Foster v. Henderson*, No. 2:23-cv-947, 2023 WL 5443895, at *3 (S.D. Ohio Aug. 24, 2023) (Sargus, J.; Litkovitz, J.) (dismissing with prejudice because Petitioner again failed to timely comply with an order and noting that he failed to present a coherent habeas corpus claim).

In this third case, Petitioner has not submitted a habeas corpus petition.  He has simply asked this Court for authorization to "proceed with a successive Writ, under 28USCS2244(b)(3)(A)[.]"  (Doc. 1).  That statute provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move **in the appropriate court of appeals** for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).  This District Court does not have the authority to grant Petitioner authorization to proceed with a successive petition for a writ of habeas corpus.  Under the plain language of the statute, he must make such a request to the appropriate court of appeals.

The United States Court of Appeals for the Sixth Circuit has said that:

> when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Undersigned **RECOMMENDS** that Petitioner's "Motion for Successive Petition" under 28 U.S.C. § 2244(b)(3)(A) be **TRANSFERRED** to the Sixth Circuit and that the matter be **TERMINATED** on this Court's docket.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 30, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

3