## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:23-cv-3519 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN, | : | |
| | : | |
| Respondent. | : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Christopher Foster, a prisoner at the Toledo Correctional Institution who is proceeding without the assistance of counsel, recently submitted a Motion to this Court seeking authorization to file a successive habeas corpus petition under 28 U.S.C. § 2244(b)(3)(A). (Doc. 1). He did not submit a habeas corpus petition at that time.[1] The Motion instituted this new habeas corpus case.

On October 30, 2023, the Undersigned recommended that the Court transfer the Motion to the United States Court of Appeals for the Sixth Circuit and terminate the action on this Court's docket. (Doc. 4 (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)). Petitioner objected to the latter recommendation (Doc. 5) and a few days later, submitted a habeas corpus Petition bearing this case number (Doc. 6).

This Supplemental Report and Recommendation addresses the Petition.[2] (Doc. 6). As

---

[1] Although the docket reflects that a Petition was filed (*see* Doc. 2), that entry is a refiling of Petitioner's Motion for authorization. (Doc. 1).

[2] The Petition appears on the docket at this time as an "Amended Petition," but it is the first and only petition filed in this case as of this writing. (Doc. 6).

noted earlier, Petitioner had already had one full round of habeas corpus review, and this Court cannot authorize another. (Doc. 4). 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit must determine whether he will be permitted to proceed. *Id*. Nothing in the Petition changes the previous recommendation that this matter be transferred to the Sixth Circuit. The Petition is, under the standards articulated by the Sixth Circuit, a "second or successive" petition requiring that court's authorization to proceed.

"Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 'a state prisoner always gets one chance to bring a federal habeas challenge to his conviction.'" *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023) (quoting *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020)). "But after that, the road gets rockier." *Id*. "For petitions filed after the first one – 'second or successive' petitions in the language of the statute – applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

This District Court lacks jurisdiction to consider a "second or successive" petition filed without authorization and must transfer such a petition to the Court of Appeals for the Sixth Circuit for consideration. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111

2

F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631. The Sixth Circuit may authorize the district court to consider a successive petition only if petitioner makes the prima facie showing required in the statute. 28 U.S.C. § 2244(b)(3). The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

The Sixth Circuit recently provided a "roadmap" for determining whether a petition is second or successive. *In re Hill,* 81 F.4th at 569 (6th Cir. August 25, 2023). The Court said:

> So first, we ask, is the second petition challenging a new judgment or an old judgment? *See Magwood*, 561 U.S. at 330-33, 130 S.Ct. 2788; *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019); *In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016); *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). If it's a new judgment, then the petition is not "second or successive," and we turn to the merits of the petition. *See King*, 807 F.3d at 157. If it's the old judgment that the petitioner challenged in his first petition, we next ask, is the claim presented an old claim or a new claim? *See In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018). If it's an old claim—that is, one that was presented in the first petition—then it's a "second or successive" petition that must be dismissed under § 2244(b)(1). If it's a new claim, we ask whether it was either unripe or ruled unexhausted at the time of the first habeas filing. If so, then the petition isn't "second or successive." *See id*. at 627. If not, under the guidance we have from the Supreme Court, the petition is "second or successive," and the claim must meet the gatekeeping provisions under § 2244(b)(2)(B) to survive.
>
> Although a mouthful, we can sum it up this way: When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is "second or successive." *See In re Coley*, 871 F.3d 455, 457-58 (6th Cir. 2017).

*In re Hill*, 81 F.4th at 569.

The Petition here is second or successive. Petitioner is challenging an "**old judgment**"— the judgment(s) sentencing him in 2012 or 2013. (*See* Doc. 6, PageID 19). Those are the judgments he appeared to challenge in his first habeas petition, along with a 2015 nunc pro tunc

judgment entry.[3] *See Foster v. Warden, Toledo Corr. Inst.*, No. 1:15-cv-713, 2017 WL 3124154, at *1 (S.D. Ohio July 24, 2017).

Petitioner appears to be raising "**new claims**." In his first petition, he raised the following Grounds for Relief:

> **GROUND ONE:** The State of Ohio/Warden is in violation of The-XIV-Amendment of the United States Constitution.
>
> **Supporting Facts:** As of 1868, no state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws. False imprisonment is to be predicated prima face here.
>
> **GROUND TWO:** The State of Ohio/Warden violated the Fourth (IV) Amendment of the Federal Constitution.
>
> **Supporting Facts**: The State of Ohio/Warden, detains me without lawful privilege to do so. The law is clear stating the right of the people to be secure in their persons, papers, effects, etc. against unreasonable search and seizures, shall not be violated and no warrants shall issue but upon probable cause, supported by "oath or affirmation" describing the person to be seized etc. (emphasis added). There are no affidavits properly sworn for count 2 or 3 of this conviction and count 1 was dismissed. Also no warrants signatured [sic].
>
> **GROUND THREE:** The State Of Ohio/Warden is in violation of treaties and international law concerning the Petitioner's detention.

---

[3] This Court explained in that case:

> Petitioner was convicted by a jury of having weapons while under a disability and felonious assault with attached firearm specifications. On June 6, 2012, the Hamilton County Court of Common Pleas sentenced Petitioner to consecutive terms of incarceration for a total of twenty years. (Doc. 10, Exh. 7, PageID # 57). As part of Petitioner's direct appeal, the First District Court of Appeals remanded the case to the Court of Common Pleas to consider whether the imposition of consecutive sentences was warranted, and if so, to make the necessary statutory findings before imposing consecutive sentences. (*Id*., Exh. 12, PageID # 94-95). On August 21, 2013, the Court of Common Pleas made the necessary findings and re-imposed the same twenty-year aggregate sentence. (*Id*., Exh. 17, PageID # 112). On July 2, 2015, the Court of Common Pleas issued a nunc pro tunc sentencing entry reflecting that Petitioner had been found guilty by a jury, but also clarifying that in addition to the five years of post-release control as to Count Three, Petitioner was also sentenced to three years of post-release control as to Count Two. (*Id*., Exh. 18, PageID # 115).

*Foster*, 2017 WL 3124154 at *1. The nunc pro tunc judgment was the focus on his arguments in that case. *Id*. ("the grounds Petitioner sets forth for habeas relief center on a nunc pro tunc sentencing entry made by the Hamilton County Court of Common Pleas.").

**Supporting Facts:** The United States is a member of the O.A.S. and is bound by the Declaration on the Rights and Duties of Man; The Covenant Against Torture and Other Cruel Inhumane or Degrading Treatment or Punishment; The International Covenant on Political Rights; to detain me erroneously pursuant a "nunc pro tunc" sentencing entry is unauthorized, on top of the denial of adequate legal counsel.

**GROUND FOUR:** The State Of Ohio/Warden have a lack of subject matter jurisdiction and jurisdiction to convict or detain me For Felonious assault.

**Supporting Facts:** Mr. Foster, (I), was not afforded my general, provisions of equal application due process rights, and the result is that all of my rights were waived; laws were exceeded to the fullest extent by the State and I remain unlawfully restrained at this time upon determination of the State/Warden – of Ohio.

*Foster v. Erdos*, No. 1:15-cv-713, 2016 WL 6804824, at *1 (S.D. Ohio Nov. 17, 2016), *report and recommendation adopted sub nom. Foster v. Warden, Toledo Corr. Inst.*, 2017 WL 3124154 (S.D. Ohio July 24, 2017).

In the Petition filed in this case, Petitioner raises three Grounds for Relief:

**GROUND ONE:** Ineffective Assistance of Appellate Counsel.

**Supporting Facts:** I asked the Appellate Attorney to file ineffective assistance of trial counsel regarding a failure to interview or call Key potential witnesses for trial or Motion to Suppress, investigate voir dire jury instructions, or Brady issues, or lessor offense, under Cronic, Strickland, or both.

**GROUND TWO:** Ineffective Assistance of Trial Counsel.

**Supporting Facts:** If the trial counsel had questioned the Police Chief about what he witnessed when I saw him on the scene, the pre-indictment press release Statement would have been discovered and the Attorney could have filed a Motion to Suppress then interview the Chief, or challenged voir dire jury instructions, Brady inconsistency, and got Petitioner freed.

**GROUND THREE:** The State implicated Brady by withholding the Police Chief's Statements.

**Supporting Facts:** Had the Chief of Police's inconsistent statements not been withheld, the voir dire jury instructions, and entire trial would have been different, so that, at least, the jury would have found me [**innocent**] of the violent Assault type offenses.

5

(Petition, Doc. 6, PageID 23, 25-26). For context, it appears that Petitioner is referring to a 2022 local news story that mentioned his case.[4]

Petitioner's Grounds for Relief here appear to present new claims, inasmuch as they were not explicitly presented in his first habeas corpus petition.[5] These new claims—ineffective assistance of trial and appellate counsel, and a *Brady* claim—were not "unripe" at the time of the first petition, nor were they previously found to be unexhausted. *In re Hill*, 81 F.4th at 569. With respect to ripeness, a challenge to the performance of counsel has always been available to Petitioner. *Id*. at 570. And, to the extent he seeks to discuss "new evidence," such evidence that allegedly would "undermin[e] the government's trial testimony [can] go toward meeting the gatekeeping provisions under § 2244(b)(2)(B)," the Sixth Circuit has said, but it cannot "go toward showing that the claim wasn't 'second or successive.'" *In re Hill*, 81 F.4th at 571 (citing *In re Wogenstahl*, 902 F.3d at 627). Because the new claims were neither unripe nor ruled unexhausted, the new Petition is a second or successive petition under *Hill's* roadmap.

---

[4] Petitioner may be referring to a local news story published in April 2022. *See* WCPO, "Cincinnati Police: Officers in deadline Covington Shooting have been involved in previous shootings," available at https://www.wcpo.com/news/crime/cincinnati-police-officers-in-deadly-covington-shooting-have-been-involved-in-previous-shootings (accessed Dec. 1, 2023). He provided a link to the article in his first filing in this case. (*See* Doc. 1, PageID 3). The article, as recently reviewed, contains the following paragraph:

> In August 2011, police said [Officer] Knapp shot 23-year-old Christopher Foster seven times in the chest, leg and head. CPD said Foster pulled out a handgun and began shooting at Knapp when the officer confronted him. Knapp, who was on a bicycle, returned fire. The shooting sparked multiple investigations. James Craig, the police chief at the time, said initial reports showed Knapp was acting in accordance with police policy. Foster recovered from the shooting.

*Id*.

[5] As noted above, Petitioner did mention "the denial of adequate legal counsel" in Ground Three of his first petition, but as this Court found, he "seems to have abandoned those claims because his objections are limited to the issue of the nun pro tunc sentencing entry." *Foster*, 2017 WL 3124154, at *1 fn.1 (S.D. Ohio July 24, 2017). If Petitioner's new Ground Two is viewed as an "old claim" in this respect, then at least this part of the Petition would be considered second or successive without further analysis. *Hill*, 81 F.4th at 569.

Accordingly, the Undersigned **RECOMMENDS** that this action—including Petitioner's "Motion for Successive Petition" under 28 U.S.C. § 2244(b)(3)(A) and his Petition for a writ of habeas corpus under 28 U.S.C. § 2254—be **TRANSFERRED** to the Sixth Circuit and that the matter be **TERMINATED** on this Court's docket.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

December 2, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE