UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER FOSTER,**

    **Petitioner,** :

  v.                                 Case No. 2:23-cv-3519
                                     Judge Edmund A. Sargus
                                     Magistrate Judge Karen L. Litkovitz

**WARDEN,**

                                :

    **Respondent.**

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 4), Supplemental Report and Recommendation (ECF No. 7) and on Petitioner Christopher Foster's objections and supplemental objections (Obj., ECF No. 5; Obj. to Supp. R&R, ECF No. 8; Mot. to Recommit, ECF No. 9; Obj. to Doc. 11, ECF No. 12).

Mr. Foster, who is incarcerated and proceeding *pro se*, submitted a Motion for Successive Petition seeking authorization to file a successive habeas corpus petition. (ECF No. 1). The Magistrate Judge issued a Report and Recommendation recommending the Motion be transferred to the Sixth Circuit and the matter be terminated on this Court's docket. (ECF No. 4.) Mr. Foster did not object to transfer, but did object to the recommendation for termination on this Court's docket. (Obj., ECF No. 5, PageID 15–16.)

At around that time, Mr. Foster also submitted a Petition for writ of habeas corpus. (ECF No. 6.)[1] The Magistrate Judge issued a Supplemental Report and Recommendation. (ECF No. 7.) The Magistrate Judge determined that the Petition was second or successive and required the

---

[1] This entry appears as an "Amended Petition," but it is the first and only petition filed in this case as of this writing.

Sixth Circuit' authorization to proceed.  (*Id*. at PageID 38.)  The Magistrate Judge recommended that the Petition and Motion for Successive Petition be transferred to the Sixth Circuit and terminated from this Court's docket.  (*Id*. at PageID 43.)  Mr. Foster again objected, but asked only that the Court order a transfer that would "not hinder [his] ability to come back to the district court" if the Circuit granted permission to file a second or successive habeas petition.  (Obj. to Supp. R&R, ECF No. 8, PageID 46.)

Subsequently, Mr. Foster filed a Motion to Recommit, in which he "remove[d] [his] filed objections" and "ask[ed] the Court to do any action that law requires for one to get justice, such as to transfer [his] case without further delay to the Circuit[.]"  (ECF No. 9, PageID 51.)  Mr. Foster also filed a Motion About Case Ripeness.[2]  (ECF No. 10.)  The Magistrate Judge construed the Motion to Recommit as a request to supplement his objections and granted that request.  (Ord., ECF No. 11, PageID 57.)  The Magistrate Judge denied the Motion About Case Ripeness because the motion only protested the speed of this Court's decisions.  (*Id*.)  Mr. Foster filed an Objection to Doc. 11 following the Magistrate Judge's decision.  (Obj. to Ord., ECF No. 12.)  The objection does not address the contents of that decision.  (ECF No. 12, PageID 58.)  Instead, Mr. Foster reiterates his concern that terminating his case could make it harder for him to return to the district court.  (*Id*.)

This Court reviews de novo those portions of a magistrate judge's report and recommendation to which proper objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

---

[2] In his Motion About Case Ripeness, Mr. Foster states that "[t]hese matters have been satisfied by another court."  (ECF No. 10, PageID 54 (citing *Foster v. Warden*, No. 1:15-cv-713, 2024 U.S. Dist. LEXIS 39220 (S.D. Ohio Mar. 6, 2024) (Barrett, J.).)  In that case, the court transferred a different second or successive petition to the Sixth Circuit.  *See In re: Foster*, No. 24-3204 (6th Cir. Aug. 12, 2024).  The Circuit later denied authorization to file that petition.  *Id*.

2

72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Foster acknowledges that he seeks to file a second or successive petition. He does not object to transfer to the Sixth Circuit, but objects to termination on this Court's docket. The Court will terminate the case because it lacks jurisdiction to consider a second or successive petition without authorization from the Circuit. *Franklin v. Jenkins*, 839 F.3d 465, 474 (6th Cir. 2016). If the Circuit authorizes the petition, the Circuit will transfer the case back to this Court, where it will be reopened. *See Davis v. Bradshaw*, 900 F.3d 315, 322 (6th Cir. 2018).

Mr. Foster's Objection (ECF No. 5), Objection to the Supplemental Report and Recommendation (ECF No. 8), and Supplemental Objection (Mot. to Recommit, ECF No. 9) are **OVERRULED**. To the extent that Mr. Foster's Objection to Doc. 11 objects to the Magistrate Judge's denial of Mr. Foster's protest of the speed of this Court's decision, his objection is **OVERRULED AS MOOT**. (ECF No. 12.) To the extent that Objection to Doc. 11 requests leave to supplement his prior objections, leave is **GRANTED** and his supplemental objection is **OVERRULED**. (ECF No. 12.)

The Report and Recommendation (ECF No. 4) and Supplemental Report and Recommendation (ECF No. 7) are **ADOPTED** and **AFFIRMED**:

1. The Clerk is ordered to **TRANSFER** this action, including Mr. Foster's Motion for Successive Petition (ECF No. 1) and Petition (ECF No. 6), to the Sixth Circuit.

2. The Clerk is **DIRECTED** to close this case without entry of judgment.

**IT IS SO ORDERED.**

**10/25/2025**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**